IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **OAKWORTH CAPITAL BANK** ) | |
| ) | Case No. 3:23-cv-01145 |
| v. ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
| **RC NASHVILLE DEVELOPMENT** ) | |
| **PARTNERS, LLC and TIMOTHY J. MORRIS** ) | |

**O R D E R**

This is a collection action in which Plaintiff Oakworth Capital Bank seeks to recover amounts allegedly owed to it by Defendant RC Nashville Development Partners, LLC and Defendant Timothy J. Morris. Morris is representing himself *pro se*. However, RC Nashville, a corporate entity, can only appear in this case through a licensed attorney, which it has not yet done. *See* Orders at Docket Nos. 20 and 23 (notifying RC Nashville of requirement for counsel and consequences of failing to retain counsel). *See also Harmer v. Colom*, No. 3:13-00286, 2014 WL 993319, at *1 (M.D. Tenn. March 13, 2014) (limited liability companies cannot appear in federal court except through counsel).[1]

Pending before the Court are two motions filed by Plaintiff and various responses from Morris and RC Nashville. Because of the convoluted progression of this case, and to mitigate against any later claim of confusion, the Court will clarify for Morris and RC Nashville their respective obligations with respect to the two currently pending motions filed by Plaintiff Oakworth Capital Bank. Those motions are:

---

[1] As the Court has stated previously, because there is no indication that Morris is a licensed attorney, he cannot act on behalf of RC Nashville.

1. "Motion for Judgment on the Pleadings" against RC Nashville and Morris (Docket No. 18), to which neither Morris nor RC Nashville filed a response.[2]

2. "Motion for Entry of Default" against RC Nashville (Docket No. 21), to which RC Nashville has not filed a response.

Also pending before the Court is a motion from Morris seeking an extension of time to file a response to the "Motion for Judgement on the pleadings for entry of default." (Docket No. 25.) The Court construes this motion from Morris as a request for additional time for: (i) Morris to respond to the "Motion for Judgment on the Pleadings" against RC Nashville and Morris (Docket No. 18); (ii) RC Nashville to respond to the "Motion for Judgment on the Pleadings" against RC Nashville and Morris (Docket No. 18); and (iii) RC Nashville to respond to the "Motion for Entry of Default" against Defendant RC Nashville (Docket No. 21).

In support of this motion, Morris states that he has made several attempts to obtain representation for RC Nashville, but that the counsel he contacted were not able to represent RC Nashville due to conflicts or time constraints. (Docket No. 25 at 1.) He attached correspondence with various counsel to support his statement. (*Id.* at 2–4.)[3] He also states that he is awaiting surgery that is scheduled to take place on February 13, 2024, after a postponement from January

---

[2] On December 28, 2023, Morris filed a letter "responding to the latest Renewed Motion for Entry of Default Against RC Nashville Development Partners, LLC, and Timothy J. Morris." (Docket No. 22.) The Court previously construed this letter as Morris' *pro se* response to both the "Motion for Judgment on the Pleadings" (Docket No. 18) and the "Motion for Entry of Default" (Docket No. 21). However, upon further review, the Court does not consider this letter to be a response to the motions, but rather a request to extend the deadline to respond to those motions. The Court will address those deadlines in this order.

[3] The Court notes the following with respect to the communications between Morris and potential counsel. The first attached communications (Docket No. 25 at 2) were dated only some 10 days before the deadline set by the Court's order of January 2, 2024. (Docket No. 23.) Further, some of the communications appear to be about completely different business entities than those involved in the two related cases pending in this district. (Docket No. 25 at 4.)

4, 2024, which has made it more difficult to obtain counsel. (*Id.*)[4] He attached correspondence from a medical provider to confirm. (*Id.* at 5.)

In a prior order, the Court extended the deadline for RC Nashville to respond to the "Motion for Judgment on the Pleadings" (Docket No. 18) and the "Motion for Entry of Default" (Docket No. 21) to January 19, 2024. (Docket No. 23 at 1–2.) The Court cautioned RC Nashville that "failure to timely and properly respond through a licensed attorney may result in entry of judgment against it." (*Id.* at 2.)

Despite these plain instructions, Morris now requests that the deadline for RC Nashville to respond to the "Motion for Judgment on the Pleadings" (Docket No. 18) and to the "Motion for Entry of Default" (Docket No. 21) be extended by 45 days, or to March 4, 2024.

Plaintiffs filed a response in opposition to Morris's request. (Docket No. 26.) They argue that the request is not supported by good cause because Morris did not contact counsel until recently. (*Id.* at 3.) They assert that Morris has been "granted the Court's indulgence" as a *pro se* party, but that this must cease. (*Id.* at 4.)

While the Court agrees with Plaintiffs that it has provided Morris with lenient treatment as a *pro se* party, the Court will grant an extension of time for Morris to respond to the "Motion for Judgment on the Pleading" (Docket No. 18). **But, Morris is warned that he will not be granted any further extensions.**

However, with respect to RC Nashville, the Court is disinclined to grant any further extensions, because Morris continues to simply disregard the Court's plain instructions and

---

[4] The Court also notes that, in an earlier filing by Morris, he requested until the middle of January 2024 to allow recovery from the surgery that was then scheduled for January 4, 2024. (Docket No. 17 at 1.) The Court granted the time requested by Morris.

3

warnings that he may not make requests on behalf of RC Nashville or otherwise act on behalf of RC Nashville in this case.

For these reasons, the Court ORDERS as follows:

**1.** Defendant Timothy Morris' motion for an extension of time to respond (Docket No. 25) is **GRANTED**. The time for Defendant Timothy Morris to respond to the "Motion for Judgment on the Pleading" (Docket No. 18) is **EXTENDED** from January 19, 2024 to **March 4, 2024**. **Defendant Morris will not be given any further extensions to respond to this motion.**

2. Because the motion filed by Defendant Timothy Morris for an extension of time for Defendant RC Nashville Development Partners, LLC to respond to the "Motion for Judgment on the Pleadings" (Docket No. 18) "Motion for Entry of Default" (Docket No. 21) is extended from January 19, 2024 to **March 4, 2024**. Defendant RC Nashville will not be given any further extensions to respond to this motion. Defendant RC Nashville must file its response through a licensed attorney.

3. The time for Defendant RC Nashville Development Partners, LLC to respond to the is extended from January 19, 2024 to **March 4, 2024**. Defendant RC Nashville will not be given any further extensions to respond to this motion. Defendant RC Nashville must file its response through a licensed attorney.

The Clerk is **DIRECTED** to send a copy of this Order by first class mail only to Defendant Timothy J. Morris at:

Timothy Morris
6001 Highway A1A PMB 8359
Vero Beach, FL 32963

Timothy Morris
660 Ocean Road
Vero Beach, FL  32963

RC Nashville Development Partners, LLC
R/A: DW Services of Tennessee, LLC
424 Church Street, Suite 800
Nashville, TN 372019

and by email to Defendant Timothy J. Morris at tim@m2developmentpartners.com.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge