IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **OAKWORTH CAPITAL BANK,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) No. 3:23-cv-01145 |
| **RC NASHVILLE DEVELOPMENT PARTNERS, LLC and TIMOTHY J. MORRIS,** | ) ) ) ) |
| **Defendants.** | ) ) |

### PLAINTIFF OAKWORTH CAPITAL BANK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AGAINST TIMOTHY J. MORRIS

Pursuant to Local Rule 7.01, Plaintiff Oakworth Capital Bank ("Plaintiff") submits the following Memorandum of Law in Support of its Motion for Judgment on the Pleadings, or, in the Alternative, Motion for Summary Judgment against defendant Timothy J. Morris ("Mr. Morris"):

### UNDISPUTED FACTS

This is a collection action to recover undisputed amounts owed by Mr. Morris and RC Nashville Development Partners, LLC ("RC Nashville" and together with Mr. Morris, the "Defendants"). Plaintiff is an Alabama state chartered bank. (*See* Plaintiff's Complaint ("Compl."), Doc. 1, ¶ 1.) On August 9, 2022, Plaintiff and RC Nashville executed a promissory note pursuant to which Plaintiff agreed to extend a revolving a line of credit to RC Nashville in the principal amount of $10,000,000.00 ("Note"). (*Id.* ¶ 7; *see also* Promissory Note, Doc. 1-1, attached as Exhibit A to Compl.) The Note was executed by Mr. Morris, as managing member of RC Nashville. (Compl., Doc. 1, ¶ 8.)

In conjunction with the Note, and as a condition of Plaintiff providing the line of credit to RC Nashville, Mr. Morris separately executed a Continuing Guaranty ("Guaranty"). Under the Guaranty, Mr. Morris personally guaranteed the full and prompt payment of all amounts due to Plaintiff under the Note. (*Id.*, Doc. 1, ¶¶ 9 – 10; *see also* Guaranty, Doc. 1-2, attached as Exhibit B to Compl.)

The Note matured on August 9, 2023. (Compl., Doc. 1, *Id.* ¶ 11; Note, Doc. 1-1, Sec. 4(a)). As a result, on that day, RC Nashville and Mr. Morris were required to pay Plaintiff all amounts due and outstanding under the Note. (Compl., Doc. 1, ¶¶ 10 – 11.) Defendants failed to pay the amounts due despite repeated demands by Plaintiff to do so. (*Id.* ¶¶ 12 – 16; *see also* First Demand Letter, Doc. 1-3, attached as Exhibit C to Compl., and Second Demand Letter, Doc. 1-4, attached as Exhibit D to Compl.)

On October 28, 2023, Plaintiff filed suit against Defendants. (*See generally* Compl.) In its Complaint, Plaintiff asserts three causes of action against Defendants: (1) Breach of the Note (RC Nashville); (2) Breach of the Guaranty (Mr. Morris); and (3) Unjust Enrichment (both Defendants). (Compl. Doc. 1, at ¶¶ 19 – 34.) And Plaintiff alleged damages, which continued to accrue and, at that time, totaled $10,470,772.90, plus pre- and post-judgment interest, attorneys' fees and expenses, and costs. (*Id.* ¶ 18.)

On December 6, 2023, Mr. Morris filed a "Letter as To Responses to Civil Action" ("Letter"). (Letter, Doc. 16.) In the Letter, "RC Nashville Development Partners, LLC and Timothy J. Morris, as Guarantor, respectfully submit[ed] the following responses to the Civil Action No. 3.23-cv-01145 . . .

> **As to Count 1** – Breach of Note (RC Nashville)
> Response: Agree as Stated
>
> **As to Count 2** – Breach of Guaranty (Morris)
> Response: Agree as Stated
> …

(*Id.*) (emphasis in original). The Letter is signed by Mr. Morris "on behalf of Defendants." (*Id.*)

This Court then entered an order directing RC Nashville to respond to the motion for entry of default by no later than January 19, 2024. (Doc. 23.) The Court informed Mr. Morris that he could not represent RC Nashville because he is not an attorney:

> Defendant Morris' responses appear to be on behalf of both himself and Defendant RC Nashville Development Partners. However, RC Nashville Development Partners can only appear in this case through a licensed attorney. *See Harmer v. Colom*, No. 3:13-00286, 2014 WL 993319, at *1 (M.D. Tenn. March 13, 2014) (limited liability companies cannot appear in federal court except through counsel). Because these is no indication that Defendant Morris is a licensed attorney, he cannot act on behalf of RC Nashville Development Partners.

(*Id.* at 1 n.2.)

In response to this letter, Mr. Morris submitted another letter, which was dated January 18, 2024 but was received by the Clerk's office on January 22, 2024. (Doc. 25.) In that letter, Mr. Morris asked for additional time beyond January 19, 2024 to locate counsel for RC Nashville and for RC Nashville to respond to the motion for entry of default. (*Id.*)

The Court entered another order that extended the response deadline to March 4, 2024 for: (1) Mr. Morris to respond to the motion for judgment on the pleadings (Doc. 18); (2) RC Nashville to respond to the motion for judgment on the pleadings (Doc. 18); (3) RC Nashville to respond to the motion for entry of default (Doc. 21). (Doc. 28 at 4.) The Order stated that neither Mr. Morris nor RC Nashville would be given any further extensions to respond to the motions. (*Id.*)

Neither Mr. Morris nor RC Nashville filed any responses to the above motions by March 4, 2024. This Court then entered an Order granting a default against RC Nashville. (Doc. 30).

## STANDARD OF REVIEW

A motion for judgment on the pleadings may be filed "after the pleadings are closed but within such time as not to delay the trial." Fed. R. Civ. P. 12(c). In matters involving multiple defendants, the pleadings are considered "closed" after all defendants have filed answers. *See Dunn–Mason v. JP Morgan Chase Bank Nat. Ass'n*, 11–CV–13419, 2013 WL 4084676, at *1 (E.D.Mich. Aug. 13, 2013) (denying 12(c) motion where one of two defendants had not yet filed a responsive pleading); *Mizell v. Sara Lee Corp.*, CIV.A. 2:05CV129, 2005 WL 1668056, at *2 (E.D.Va.) ("In this case, the defendant has yet to file an answer to the plaintiff's complaint, and therefore the pleadings are not closed."), *aff'd*, 158 F. App'x 424 (4th Cir.2005). If one of multiple defendants has failed to plead or otherwise defend the action, a Rule 12(c) motion is only appropriate after the plaintiff has moved for default against the absent defendant. *See Poliquin v. Heckler*, 597 F. Supp. 1004, 1006 (D. Me. 1984) ("Since the pleadings are not closed until after the defendant has filed an answer, the proper course for a plaintiff in a case in which the defendant has failed to file a timely answer is a motion for default under Rule 55."); *Scottsdale Ins. Co. v. Doe*, 7:13-CV-00342, 2014 WL 3778510, at *3 (W.D. Va. July 30, 2014) ("[T]he pleadings are not closed because defendant Manges has not filed an answer to Scottsdale's complaint and no party has requested that default judgment be entered against him. Therefore, a remedy under Rule 12(c) is not available.")

"A motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Coyer v. HSBC Mortgage Servs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012) (*quoting Tucker v. Middleburg–*

*Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)). When a plaintiff moves for judgment on the pleadings, "the motion should be granted if, on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *Rose v. Cent. USA Wireless, LLC*, No. 17-CV-2673-SHM-TMP, 2018 WL 2656767, at *3 (W.D. Tenn. June 4, 2018) (citations omitted).

In deciding a motion for judgment on the pleadings, "the court considers all available pleadings, including the complaint and the answer." *Id. See also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2017) ("A motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court.") If matters outside the pleadings are presented to and not excluded by the court, the court shall treat the motion as one for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d).

Summary judgment is appropriate where the pleadings, the discovery, disclosure materials, and declarations show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). To survive summary judgment, any disputed facts must be material and must be facts that, under the substantive law governing the issue, could affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).

Here, this Court has construed the Letter as Mr. Morris's answer to the Complaint. (*See* Doc. 29) ("While the Court agrees that Morris's December 5, 2023 letter (Docket No. 16) could be construed as Morris's answer to the complaint…"). Additionally, this Court has entered a default against RC Nashville. Therefore, the pleadings are closed, and Plaintiff is entitled to

judgment on the pleadings, or, in the alternative, summary judgment because there is no genuine issue as to any material fact against Mr. Morris.

## ARGUMENT

### A. Plaintiff is Entitled To Judgment on The Pleadings Against Mr. Morris, Pursuant To Fed. R. Civ. P. 12(c).

Here, the facts of the case – as evidenced by the parties' pleadings– are straightforward and undisputed. Plaintiff extended RC Nashville a loan. (Compl., Doc. 1, ¶ 7). Mr. Morris signed a personal guaranty for the loan. (*Id.* ¶ 9.) RC Nashville and Mr. Morris were required to pay back the loan on or before the maturity date, August 9, 2023. (*Id.* ¶ 11.) Defendants failed to make the required payments and are in default. (*Id.* ¶ 12.)

The Letter makes clear that Mr. Morris does not dispute these allegations that RC Nashville and Mr. Morris breached the Note and Guaranty, respectively, and that Plaintiff is entitled to judgment as a matter of law against Mr. Morris for the breach of Guaranty claim. (*See* Letter, Doc. 16.) *See C & W Asset Acquisition, LLC v. Oggs,* 230 S.W.3d 671, 676–77 (Tenn. Ct. App. 2007) (establishing elements for breach of contract claim). And when addressing similar claims, courts have routinely granted such Rule 12(c) motions, even in the face of more convoluted and complicated pleadings. *See Starnes Family Office, LLC v. McCullar*, No. 10-2186, 2011 WL 3862333, at *6 (W.D. Tenn. Sept. 1, 2011) ("Because the undenied facts demonstrate that the Notes are an enforceable contract, that [defendant] breached that contract, and that [plaintiff] has suffered damages, [plaintiff] is entitled to judgment as a matter of law on its action to enforce the Notes."); *Kimball Int'l v. XStream Sys., Inc.*, No. 3:08CV00135-RLY-WGH, 2009 WL 1916746, at *2 (S.D. Ind. June 30, 2009) ("XStream has admitted that: (1) it executed the Term Loan Agreement; (2) the Note was payable in full . . ., and XStream failed to make this payment; . . . . Accordingly, [plaintiff's] Motion for Judgment on the Pleadings with respect to the principal sum

of $2,000,000 is GRANTED."); *W. Energy Partners, LLC v. New Energy Co., LLC,* No. 2:02CV1264, 2007 WL 397066, at *3 (S.D. Ohio Jan. 31, 2007) (citation omitted) ("The Court may grant a motion for judgment on the pleadings as a matter of law based upon a defendant's admission of all material facts relating to enforcement of a note."); *KFC Corp. v. Mott,* No. CIV. A. 3:02CV-146-S, 2003 WL 22709071, at *3 (W.D. Ky. Nov. 17, 2003) ("The defendants do not deny that payments were not made under the terms of the promissory note. Judgment on the pleadings will be granted in favor of KFCC on Counts III and IV."); *Wood v. Cal Growers Corp.*, No. 86 C 3714, 1987 WL 7470, at *2 (N.D. Ill. Mar. 2, 1987), amended, No. 86 C 3714, 1987 WL 12175 (N.D. Ill. June 5, 1987) ("As discussed above, the court does not believe that, as a matter of law, these defenses are valid as against this contract and note…. For the foregoing reasons, plaintiff's motion for judgment on the pleadings is GRANTED.").

The record in this case demands a similar conclusion. Plaintiff's Complaint establishes an enforceable contract between Plaintiff and Mr. Morris—the Guaranty. (Compl., Doc. 1, ¶¶ 7 – 9.) Mr. Morris breached the contract when he failed to pay the amounts due under the Guaranty. (*Id.* ¶ 17.) Plaintiff suffered damages of at least $11,463,882.90. (*Id.* ¶ 18; Redden Declaration, Ex. 1.) And in its response to the breach of Guaranty claim, Mr. Morris stated unequivocally: "Agree as Stated." (Letter, Doc. 16).

RC Nashville has failed to participate in this litigation, and this Court has entered a default against RC Nashville. Therefore, the pleadings are closed for purposes of Rule 12(c). *See Poliquin v. Heckler*, 597 F. Supp. 1004, 1006 (D. Me. 1984) ("Since the pleadings are not closed until after the defendant has filed an answer, the proper course for a plaintiff in a case in which the defendant has failed to file a timely answer is a motion for default under Rule 55."); *Scottsdale Ins. Co. v. Doe*, 7:13-CV-00342, 2014 WL 3778510, at *3 (W.D. Va. July 30, 2014) ("[T]he pleadings are

54023004 v2

7

Case 3:23-cv-01145   Document 33   Filed 04/19/24   Page 7 of 10 PageID #: 292

not closed because defendant Manges has not filed an answer to Scottsdale's complaint and no party has requested that default judgment be entered against him.")

Accordingly, with respect to Counts II of Plaintiff's Complaint, there are no factual issues in dispute and the pleadings establish that Plaintiff is entitled to judgment as a matter of law. *See Coyer,* 701 F.3d at 1108 ("A motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.")

### B. Plaintiff Is Entitled To Summary Judgment Against Mr. Morris, Pursuant To Fed. R. Civ. P. 56.

Alternatively, Mr. Morris' Letter makes clear that there is not a dispute as to any material facts in this matter and Plaintiff is entitled to summary judgment. Once again, it is undisputed that Plaintiff extended RC Nashville a loan. (Compl., Doc. 1, ¶ 7; Letter, Doc. 16). Mr. Morris signed a personal guaranty for the loan. (Compl., Doc. 1, ¶ 9; Letter, Doc. 16.) RC Nashville and Mr. Morris were required to pay back the loan on or before the maturity date, August 9, 2023. (Compl. Doc. 1, ¶ 11; Letter, Doc. 16.) Defendants failed to make the required payments and are in default. (*Id.* ¶ 12; Letter, Doc. 16). Accordingly, it is undisputed that Mr. Morris breached the Guaranty, *see* Letter, Doc. 16, and Plaintiff is entitled to judgment as a matter of law.

### CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court: (1) enter final judgment in favor of Plaintiff against Mr. Morris in an amount equal to $11,463,882.90, plus reasonable attorneys' fees and expenses equal to $64,255.27; (2) enter a final appealable order taxing all Court and discretionary costs to Mr. Morris; and (3) grant such other relief as the Court deems appropriate.

Respectfully submitted this, the 19th day of April, 2024.

/s/ Ross M. Johnson
D. Christopher Carson (BPR No. 021971)
C. Tucker Herndon (BPR No. 27297)
Ross M. Johnson (BPR No. 36067)

420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: (205) 458-5100
ccarson@burr.com

222 Second Avenue South, Suite 2000
Nashville, Tennessee 37201
Telephone: 615-724-3200
Facsimile: 615-724-3290
rmjohnson@burr.com
therndon@burr.com

*Attorneys for Oakworth Capital Bank*

54023004 v2

9

Case 3:23-cv-01145    Document 33    Filed 04/19/24    Page 9 of 10 PageID #: 294

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following via United States Mail, postage prepaid, on April 19th, 2024:

| | |
|---|---|
| Timothy Morris<br>6001 Highway A1A PMB 8359<br>Vero Beach, FL 32963 | RC Nashville Development Partners, LLC<br>R/A: DW Services of Tennessee, LLC<br>424 Church St., Suite 800<br>Nashville, TN 37219 |
| Timothy Morris<br>660 Ocean Road<br>Vero Beach, FL 32963 | |

*/s/ Ross M. Johnson*
Ross M. Johnson (BPR No. 36067)