IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| OAKWORTH CAPITAL BANK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:23-cv-01145 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| RC NASHVILLE DEVELOPMENT PARTNERS, LLC and TIMOTHY J. MORRIS, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Pending before the Court[1] is a Report and Recommendation of the Magistrate Judge (Doc. No. 39, "R&R"), recommending that the Court grant the motion for summary judgment (Doc. No. 32, "Motion") filed by Plaintiff seeking summary judgment solely against pro se Defendant Timothy J. Morris ("Morris").[2] Neither Morris nor his co-Defendant, Defendant RC Nashville Development Partners, LLC ("RC Nashville"), has filed any objections to the R&R, and the time for filing objections has now expired.[3.]

---

[1] Herein, "the Court" refers to the undersigned District Judge, as distinguished from the Magistrate Judge who entered the R&R.

[2] In the Motion, Plaintiff moved primarily for judgment on the pleadings, and moved alternatively for summary judgment. After the Motion's filing, the Magistrate Judge noted essentially that the primary motion was not cognizable because it was premature in light of the fact that RC Nashville had not filed an answer. (Doc. No. 36 at 1). For this reason, the Magistrate Judge treated the Motion as one solely for summary judgment. (Doc. No. 39 at 3 n.4). In the R&R, the Magistrate Judge recommended granting the motion for summary judgment, without addressing the putative motion for judgment on the pleadings.

[3] As the R&R specifically stated, (Doc. No. 39 at 18), under Fed. R. Civ. P. 72(b), a party has fourteen (14) days from being served with a copy of a report and recommendation in which to file objections to the report and recommendation. For Plaintiff, which was served with a copy of the R&R via the Court's PACER

The question remains whether Plaintiff filed any objections to the R&R. In her R&R, the Magistrate Judge recommended that Plaintiff be ordered to submit a sworn accounting relevant to the calculation of prejudgment interest,[4] as well as a sworn statement affirmatively stating that no prejudgment interest is calculated on attorneys' fees. (R&R at 1). Not waiting to see whether the Court adopted that particular recommendation, Plaintiff filed a Notice of Filing (Doc. No. 40, "Notice"), and attached two exhibits intended to provide the sworn accounting contemplated by the R&R: Exhibit 1: a Declaration of Greer Redden; Managing Director of Oakworth Capital Bank ("Oakworth"); and Exhibit 2: Supporting Authorities regarding the issue of prejudgment interest. (Notice at 1). In its Notice, Plaintiff raised the issue of the Magistrate Judge's finding that Plaintiff be awarded prejudgment interest at 10 percent.[5] To the extent that this was intended as an objection to the portion of the R&R recommending prejudgment interest at a rate of 10 percent and not

---

notification system on July 2, 2024, any objections had to be filed on or before July 16, 2024. With respect to RC Nashville, it is unsurprising that it filed no objections, both because no attorney has entered an appearance on its behalf in this case (and it cannot litigate this case without an attorney appearing to litigate on its behalf) and because the Motion sought relief only against Morris.

[4] The recommended accounting was of "(i) the unpaid principal balance of the Note as of the default date of August 9, 2023; (ii) prejudgment interest on the unpaid amount of the Note calculated at a maximum effective rate of ten percent (10%) per annum beginning August 10, 2023, with per diem (amount of interest accruing daily); and (iii) any credits or other debt adjustments made between August 9, 2024 and the date of submission of the sworn accounting." (Doc. No. 39 at 17).

[5] In its Notice, Plaintiff states that is an Alabama state-chartered bank registered to do business in Tennessee. (Notice at 2). Plaintiff asserts that it is entitled to charge a default pre-judgment interest rate of twenty-four percent. (*Id.*) (citing *J&B Investments, LLC v. Surti*, 258 S.W.3d 127, 135 - 137 (Tenn. Ct. App. 2007) (discussing history of Tennessee's 'wildcard statute' and validity of 24 percent default rate), and Tenn. Code Ann. § 45-2-1407(a) ("An out-of-state state bank that establishes and maintains one (1) or more branches in Tennessee under this part may conduct any activities at the branch or branches that are authorized under the laws of this state for Tennessee state banks.")).

higher, it is untimely. The applicable 14-day timeframe for filing objections was July 16, 2024 (as noted in a footnote above), and the Notice was not filed until July 19, 2024.

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019); *Hart v. Bee Property Mgmt.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. March 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The district court is not required to review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no objection is made. *Ashraf v. Adventist Health System/Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Security*, No. 3:18-cv-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.*

Moreover, there is no basis for saying that the objection to an interest rate of 10 percent was timely because it was included in the Notice, and the Notice was not filed late. When the Notice was filed, it was unclear whether the Court would ever adopt the recommendation that Plaintiff file the accounting that was provided in the Notice. (The Court notes, however, that absent objection it adopts that recommendation and treats the Notice as satisfying the adopted requirement that it file the specified accounting). And an objection to a report and recommendation that otherwise is untimely cannot be deemed timely merely because it was included in some document (one not captioned as containing objections to the report and recommendation and not supported by a separate memorandum, as required by this Court's Local Rule 72.02(a)) that was not itself late. That is especially true here, given that the R&R did not recommend that Plaintiff, when providing the information that the R&R recommended Plaintiff provide, be allowed to revisit the amount of the rate of prejudgment interest.

In short, there are no cognizable objections to the R&R, and the Court therefore adopts the R&R. The Magistrate Judge recommended that Plaintiff be awarded prejudgment interest but not in the amount sought by Plaintiff. (R&R at 14). Rather, the Magistrate Judge recommended, prejudgment interest should be awarded on the unpaid principal obligation owed to Plaintiff at a maximum effective rate of ten percent. (*Id.*) The Magistrate Judge concluded that this interest rate of prejudgment interest would fairly compensate Plaintiff for the loss of the use of funds to which it was legally entitled without penalizing Morris for wrongdoing, with the idea that prejudgment interest serves to make a party whole and not as some punitive measure. *Fulmer v. SARCO, GP*, No. M2022-01479-COA-R3-CV, 2023 WL 5787082, at * 7 (Tenn. Ct. App. Sept. 7, 2023).

In Plaintiff's Notice, the Managing Director of Oakworth details a breakdown of the different time periods for which unpaid principal obligation was owed. (Doc. No. 40-1 at 2). Figures are provided for both the ten-percent interest rate and the higher interest rate of 24 percent sought by Plaintiff. (*Id.*) The Managing Director confirmed that the records described therein were created at or near the time the loans in question were made. (*Id.* at 4). The Court accepts these figures as accurate calculations, and confirms that the Notice satisfies the request for information and calculations requested by the R&R.

The R&R is adopted and approved. Accordingly, the Motion (Doc. No. 32) is GRANTED in that summary judgment is awarded to Plaintiff against Defendant Morris. In light of such grant, the Motion's alternative request for judgment on the pleadings against Morris is denied as effectively moot.

Judgment will be entered against Defendant Timothy Morris in favor of Plaintiff for:

a      Compensatory damages of $9,686,340.67;

b.     Prejudgment interest of $1,143,692.39;

c.     Post-judgment interest at a rate to be computed in accordance with 28 U.S.C. §

        1961(b); and

d.     Attorney's fees and expenses of $64,255.27.

A judgment setting forth this award will be entered separately. The claims against RC Nashville Development Partners, LLC remain pending. Within 30 days of the entry of this order, Plaintiff shall file either a motion for entry of default judgment, or a notice of status update, with respect to those claims.

    IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE