IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OAKWORTH CAPITAL BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:23-cv-01145 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| RC NASHVILLE DEVELOPMENT ) | |
| PARTNERS, LLC and TIMOTHY J. ) | |
| MORRIS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is Plaintiff's motion for default judgment against Defendant RC Nashville Development Partners, LLC (Doc. No. 43, "Motion"). Defendant did not respond to the Motion, and the time to do so has now passed. Notably, this Court previously entered an order granting summary judgment (Doc. No. 41),[1] and entered judgment in a particular amount (Doc. 42), against the other Defendant, Timothy J. Morris.

For the reasons stated herein, Plaintiff's Motion is granted.

## LEGAL STANDARD

Default judgments are governed by Federal Rule of Civil Procedure 55. "Once default is entered by the Clerk pursuant to Rule 55(a), the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments." *Harbold v. Smash Restro & Bar, LLC*, No. 5:22-cv-1583, 2023 WL 4085309, at *2

---

[1] That order approved a report and recommendation of the Magistrate Judge (Doc. No. 39) that recommended this granting of summary judgment.

(N.D. Ohio June 20, 2023) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006)).[2] This admission, however, does not resolve issues related to damages, as "the district court must undertake an inquiry 'to ascertain the amount of damages with reasonable certainty.'" *See Williams v. Road Scholar Staffing, Inc.*, No. 3:21-cv-00052, 2022 WL 2678727, at *2 (M.D. Tenn. July 11, 2022) (quoting *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016)).

Further, the district court has discretion in deciding a motion for default judgment under Federal Rule of Civil Procedure 55(b)(2), *see Williams*, 2022 WL 2678727, at *2 (citation omitted), and parties are not automatically entitled to a default judgment, *see Harbold*, 2023 WL 4085309, at *2. Rather, the district court must determine whether the factual allegations in the complaint that are deemed admitted by the entry of default and "reasonable inferences derived therefrom[] are sufficient to satisfy the elements of the plaintiffs' claims for which they seek default judgment." *See id.*; *see also Kwik-Sew Pattern Co. v. Gendron*, No. 1:08-cv-309, 2008 WL 4960159, at *1 (W.D. Mich. Nov. 19, 2008) (finding that a district court may not enter a default judgment upon a "legally insufficient claim"). A default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary damages. *Id.* The court must exercise "sound judicial discretion" when determining whether to enter a default judgment. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2685 (3d ed. 1988); *see also Applebaum v. Target Corp.*, No. 11-cv-15035, 2015 WL 13050014, at *1 (E.D. Mich. Sept. 10, 2015).

---

[2] "[A] claim, to be 'well-pleaded', must at least satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the basic federal pleading requirement that a complaint 'shall contain a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Utility Serv. Corp. of Huntsville v. Ground Support, LLC*, No. 3:18-cv-00460, 2019 WL 4736933, *1 (M.D. Tenn. Sept. 27, 2019) (cleaned up) (quoting *Dalmayer v. Michigan*, No. 08-12784, 2009 WL 1378322, at *2 (E.D. Mich. May 14, 2009)).

## ANALYSIS

In support of its Motion, Plaintiff relies upon the Declaration of Greer Redden (Doc. No. 40-1) and the Declaration of Ross M. Johnson. (Doc. No. 32-2). Plaintiff has stated that the principal amount owed is $9,686,340.67; pre-judgment interest owed is $1,143,692.39 (based upon a prejudgment interest rate of ten percent);[3] and attorney's fees and expenses owed is $64,355.27. The Court concludes that these specific monetary damages claimed by Plaintiff are appropriate and supported by the evidence, and those damages shall be awarded. Plaintiff has thus satisfied its obligations under Rule 55(a) and Local Rule 55.01, and the Court will grant Plaintiff's Motion. However, to pursue the attorney's fees and expenses that it seeks, Plaintiff must do so via a separate motion after entry of the judgment, pursuant to Fed. R. Civ. P. 54(d) and this Court's Local Rule 54.01(b) & (c).

## CONCLUSION

Accordingly, Plaintiff's Motion (Doc. No. 43) is GRANTED. Defendant RC Nashville Development Partners, LLC is liable to Plaintiff in the total amount of $10,830,033.06, and judgment reflecting that amount shall be entered separately.

This amount does not include attorney's fees and expenses. Plaintiff shall file a motion for any and all attorneys' fees and costs it seeks in connection with this matter, within the time period prescribed by LR54.01(b)(1).

---

[3] In its Notice of Filing, filed pursuant to the Court's R&R (Doc. No. 39) Plaintiff noted its intent to seek pre-judgment interest in excess of ten percent, with an accounting of interest at its requested rate of twenty-four percent in the Declaration of Greer Redden. (Doc. No. 40-1). In the R&R, the Magistrate Judge did not find such an interest rate warranted (Doc. No. 39 at 14) and this Court agreed in its adoption of the R&R. (Doc. No. 41). At the current juncture, Plaintiff states that it is seeking pre-judgment interest at only the default rate of ten percent, for reasons related to clarity, efficiency, and the avoidance of additional expense. (Motion at 2).

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE